562 S.E.2d 649

**In the Matter of William C. WOODEN, II, Respondent.**

**No. 25450.**

Supreme Court of South Carolina.

Submitted March 26, 2002.
Decided April 22, 2002.

Henry B. Richardson, Jr. and Nathan Kaminski, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Stuart M. Axelrod, of Conway, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and disbar respondent.[1]

## *Facts*

### I. Real Estate Matters

A client retained respondent to handle a real estate closing for a construction loan. At the closing, lender wired $33,573.81 to respondent's real estate trust account to enable the client to pay off an existing mortgage and to make a payment to the contractor. However, the checks issued by respondent from his trust account were returned because of insufficient funds. Respondent did not refund the retainer fee he received from the client, nor did he account for how the funds wired to his trust account were used.

The Office of Disciplinary Counsel (ODC) conducted a full investigation and discovered that respondent's real estate trust account reflected a persistent pattern of negative balances. ODC further discovered that respondent consistently disbursed funds deposited in his account for specific real estate closings to make settlement payments for other unrelat-

---

1. Respondent was placed on interim suspension by order of this Court dated April 9, 2001.

ed closings in order to cover the shortage of funds in his trust account.

In another matter, a client signed a contract to purchase a house and was informed by the mortgage company that it was using respondent as the attorney to handle the closing. Respondent did not meet with or discuss the matter with the client prior to the closing. At the closing, respondent presented the client with a form stating that he represented all parties and that he would withdraw if any conflict arose. However, as the closing proceeded, the client raised many questions about the fees she was required to pay and discovered that the loan origination fee on the settlement statement was higher than what she and the mortgage company had discussed. When asked about the fees, respondent could not provide an adequate explanation and asked the mortgage company representative to explain the fee increase, giving the client the impression that respondent was representing the mortgage company's interest to her detriment. The client inquired about consulting another attorney; however, respondent did not give her a reasonable opportunity to seek other advice or offer to withdraw from representation of the parties. At the conclusion of the closing, the client was not given copies of any of the documents she had signed. Further, respondent failed to respond to the client's numerous requests for information in the days following the closing.

## II. Post Conviction Relief Matter

Respondent was appointed to represent a client in post conviction relief (PCR) proceedings. Respondent failed to inform the client of the status of the PCR or comply with the client's requests for information. Respondent also failed to respond to a request for information from ODC and knowingly made false statements of material fact to ODC.

## III. Civil Dispute Matters

Respondent agreed to represent a client in a dispute and met with her three times to discuss the dispute. However, respondent subsequently refused to respond to her requests for information regarding her case. Respondent also failed to enter into a written fee agreement with the client.

In another civil matter, a client hired respondent to resolve a dispute with an automobile repair shop. The parties agreed to a contingency fee; however, the agreement was not reduced to writing. Respondent wrote a letter on behalf of the client to the repair shop, to which the shop responded with a settlement offer. The client instructed respondent to make a counteroffer. However, despite numerous requests for information, respondent failed to communicate any further with the client and did not do any more work on the case. Several months later, respondent sent the client a copy of the file and stated that the client could bring an action against the shop himself or hire another attorney to bring the suit.

## IV. Family Court Matters

A client retained respondent to represent her in a family court matter. Although respondent stated that he was securing a court date for the case, the client discovered that no work had been done when she retrieved her file following respondent's interim suspension. Respondent also failed to account for or refund the retainer fee paid by the client.

In another family court matter, a client retained respondent to represent him in a child custody action and child support action. After sending respondent the retainer fee, the client experienced difficulty in contacting respondent. Respondent told the client that he had filed a petition for a reduction in child support and had drafted the necessary papers for the child custody action. However, the client was served with a summons and complaint alleging that he was delinquent in his child support payments and ordering him to appear in family court. The client, an Ohio resident, traveled to South Carolina for the hearing but was unable to meet with respondent until two days after his arrival. After the hearing, respondent again told the client that the papers for the child custody action had been drafted and would be served on the client's ex-wife within ten days. The client did not receive any papers or communication from respondent until he contacted respondent's office and was told that respondent had been suspended from the practice of law. Further, the client's file revealed that respondent had not drafted a petition or complaint regarding the custody issue.

In a third family court matter, a client retained respondent to represent him; however, respondent failed to respond to requests for information from the client and did not file any pleadings with the family court. Respondent also failed to account for or refund the attorney fee paid by the client.

## V. Criminal Matter

A client retained respondent to represent him in a criminal matter. Respondent collected several payments from the client but did not provide any written receipts. Respondent failed to provide copies of documents he prepared for the case, and did not respond to the client's requests for information. Respondent also failed to account for or refund the retainer fee paid by the client.

## VI. Bankruptcy Matters

A client retained respondent to file a bankruptcy petition. Respondent prepared the petition which was signed by respondent and the client. The client believed that the petition would be filed immediately thereafter. However, respondent failed to file the petition. The client sent respondent additional information shortly after the petition was signed and received a copy of a "Motion to Amend Bankruptcy Petition." This reinforced the client's belief that the petition had been filed. The client attempted unsuccessfully to contact respondent regarding the court date and informed respondent that the matter needed to be resolved so he could move out of state.

Several months after the petition was signed and after the client moved to Ohio, respondent filed the petition. The client drove to South Carolina to attend the meeting of the creditors. However, respondent failed to attend. Respondent told the client that he would refund part of his legal fee, but never accounted for or made any refund of the fee.

In another matter in which a client retained respondent to file a bankruptcy petition, the client understood that respondent would file the petition upon receipt of an initial fee and that an additional fee would be paid before the completion of the bankruptcy proceedings. Respondent failed to obtain a written fee agreement and failed to communicate to the client

that he would take no action until the client paid him the additional fee. The client attempted to discharge respondent and demanded a refund of his legal fee. However, respondent never refunded the fee.

## *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (failing to provide competent representation to a client); Rule 1.2 (failing to abide by a client's decisions concerning the objectives of representation, and failing to consult with the client as to the means by which they are pursued); Rule 1.3 (failing to act with reasonable diligence and promptness in representing a client); Rule 1.4 (failing to keep a client reasonably informed about the status of a matter and promptly complying with reasonable requests for information); Rule 1.5 (a lawyer's fees shall be reasonable); Rule 1.7 (a lawyer shall not represent a client if the representation of that client will be directly adverse to another client); Rule 1.15 (failing to keep client funds in a separate account); Rule 1.16 (failing to withdraw from representation when the representation will result in a violation of the Rules of Professional Conduct or other law); Rule 3.2 (failing to make reasonable efforts to expedite litigation); Rule 8.1 (failing to respond to a lawful demand for information regarding a disciplinary matter); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(3) (failing to respond to a lawful demand from a disciplinary authority); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state). Finally, respondent violated Rule 417, SCACR (failing to maintain current financial records).

## *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state. Respondent is prohibited from seeking reinstatement or readmission to the practice of law until he has fully repaid all funds owed, including reasonable interest, to clients or other parties who have been financially injured due to any misconduct of the respondent, and reimbursed the Lawyers' Fund for Client Protection for any and all amounts paid in connection with this matter. Further, respondent warrants that he is, and will in the future, fully cooperate with all appropriate authorities if a further audit of respondent's financial records is deemed necessary and is conducted. Respondent also warrants that if any further shortages are found to exist in any funds received in trust by respondent, he will make restitution as stated in this opinion. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.