296 Ga. 491
FINAL COPY

S15Y0003.  IN THE MATTER OF ROBERT T. THOMPSON, JR.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Robert T. Thompson, Jr. (State Bar No. 709750). Thompson, who was admitted to the Bar in 1975, is currently under interim suspension.  See In the Matter of Thompson, S14Y1900 (Aug. 26, 2014); In the Matter of Thompson, S15Y0159 (Oct. 6, 2014).  Thompson provided the State Bar's membership department with only a post office box as his address, and so in accordance with Bar Rule 4-203.1 (b) (3) (ii), the State Bar requested that Thompson acknowledge service.  Because Thompson never acknowledged service, the State Bar properly served him by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii).  Thompson failed to file a Notice of Rejection.  Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Thompson's default, are that in March 2012, a client hired Thompson to file an action on her behalf against

JP Morgan Chase Bank. The client paid Thompson a flat fee of $5,000. In April 2012, the superior court granted a temporary restraining order against the foreclosure of the client's house and required the client to pay $1,000 into the registry of the court. Thompson paid the money into the court's registry, and the client reimbursed him. JP Morgan removed the case to federal court, and the client paid an additional $5,000 flat fee. Thompson then instructed the client to pay $1,000 monthly into his trust account in order "to show good faith"; the payments were not required by court order. The client made $15,000 in payments to Thompson's trust account. In February 2013, the federal district court granted JP Morgan's motion to dismiss. In the meantime, the client negotiated, without Thompson's involvement, a loan modification with JP Morgan. Thereafter, the client asked that Thompson return her $15,000, but he refused. In response to the grievance filed with the State Bar, Thompson admitted that he did not keep the client's funds in his attorney trust account and falsely claimed that the $15,000 was payment for additional legal services. Although Thompson acknowledged service of the Notice of Investigation and filed a response, he failed to file the response within 30 days as required by Bar Rule 4-204.3.

The Investigative Panel found that by this conduct Thompson violated Rules 1.15 (I) (a), 1.15 (II) (a), 1.16 (d), 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.15 (I) (a), 1.15 (II) (a), and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.16 (d) and 9.3 is a public reprimand.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Robert T. Thompson, Jr., be removed from the rolls of persons authorized to practice law in the State of Georgia. Thompson is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided February 2, 2015.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.

3