# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Sara Jayne Rogers, Respondent.

Appellate Case No. 2015-001444

Opinion No. 27550
Submitted July 9, 2015 – Filed July 23, 2015

## DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina
C. Todd, Assistant Disciplinary Counsel, both of
Columbia, for the Office of Disciplinary Counsel.

Sara Jayne Rogers, Respondent, Pro Se.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to disbarment.  We accept the Agreement and disbar respondent from the practice of law in this state, with conditions that will be set forth more fully below.  The facts, as set forth in the Agreement, are as follows.

## Facts

## Matter I

Respondent negotiated a plea agreement on behalf of a client which required the client to pay restitution, prosecution costs, and other fines and fees.  Sufficient funds had to be deposited into respondent's trust account before the client could plead guilty.  The client provided respondent with a total of $157,500, in addition

to respondent's fee. The client pled guilty and after all items were paid, $22,795 of the client's funds remained in respondent's trust account. Respondent did not return the funds to the client and made no further payments on the client's behalf, but failed to keep the client's remaining funds safe. The balance in respondent's trust account fell below $22,795 within three weeks and below $100 within a year. Respondent wrote to ODC before a complaint was filed, describing the matter as a fee dispute. However, by that time, respondent had admitted to the client that she did not have the balance of his money. The client filed a claim with the Lawyers' Fund for Client Protection and received an award of $22,795.

During the investigation of the matter, ODC subpoenaed respondent for her trust account records. In response, respondent provided a partial bank statement and copies of a few checks related to the client's case. Respondent did not provide any other trust account records despite repeated requests. Respondent did not keep a receipt and disbursement journal or client ledgers for her trust account and did not maintain a running balance. She never attempted to reconcile the account. Indeed, respondent did not have the knowledge and skills necessary to keep and balance a simple checkbook and made no effort to learn how to properly protect the funds entrusted to her care.

A review of the records provided by respondent's bank revealed that during a period of approximately two years, respondent deposited approximately $7,800 in unidentified funds into her trust account. During that same period of time, she disbursed more than $26,000 in funds without specifically identifying the client or matter involved, including nearly $25,000 in checks made payable to her. Respondent also issued checks to herself for fees and to others for costs in cases for which the records show no identifiable deposit. Respondent further made two cash withdrawals from her trust account totaling $901.27 and paid her CLE reporting fee and late fee with a trust account check.

By failing to return the client's funds to him and failing to keep those funds and other funds entrusted to her safe, respondent violated Rule 1.15, RPC (safekeeping property). She also violated Rule 1.15 and Rule 417, SCACR (financial recordkeeping), by failing to create and maintain the records required by Rule 417. Finally, by initially describing the matter to ODC as a fee dispute, respondent knowingly made a false statement of material fact in violation of Rule 8.1(b), RPC (a lawyer, in connection with a disciplinary matter, shall not fail to disclose a fact necessary to correct a misapprehension known by the lawyer to have arisen in the matter) and Rule 417.

## Matter II

Respondent accepted two checks, totaling $5,000, from a client for future fees and expenses. Respondent cashed the checks rather than deposit them into her trust account as the fee agreement indicated would occur. Despite not having funds for the client in her trust account, respondent issued several checks to herself and others from the account, noting the payments were related to the client's case. The client terminated respondent because she was not communicating with him and the case was not making progress. Respondent did not surrender the file to the client until 52 days after the client's new attorney requested it. When the client finally received the file, he learned for the first time that a temporary hearing had been scheduled and continued at least six times in his case. Respondent also failed to provide the client an accounting of his funds despite numerous requests and failed to honor her repeated promises for a refund. Respondent, on several occasions, claimed she had mailed a refund check when she had not done so. The Lawyers' Fund for Client Protection approved a $5,000 award for the client. Respondent failed to respond to the Notice of Investigation into the client's complaint.

Respondent failed to keep the client informed about the status of his case in violation of Rule 1.4, RPC (communication with the client). Respondent violated Rule 1.15, RPC, by failing to deposit the client's funds into respondent's trust account, making disbursements from the trust account when the client had no funds on deposit, and failing to provide an accounting of the client's funds upon request. Respondent violated Rule 1.16(d), RPC (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as surrendering papers and property to which the client is entitled and refunding any advance payment of fees or expenses that has not been earned or incurred), when she failed to timely surrender the client's file and return unearned fees. By falsely claiming she had mailed refund checks, respondent violated Rule 8.4(d), RPC (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation). Finally, by failing to respond to the Notice of Investigation, respondent violated Rule 8.1(b), RPC.

## Matter III

Respondent accepted a total of $6,000 to represent a client, but did not deposit any of the funds into her trust account even though the funds were unearned upon receipt. Respondent failed to adequately explain a procedural matter to the client, leaving him confused about the status of his case. Additionally, on more than one occasion, respondent told the client she was drafting emergency motions that she

never completed or filed. One of those instances occurred after respondent was placed on interim suspension. Respondent did not tell the client she was suspended. Over the next two weeks, respondent failed to respond to the client. When she ultimately responded, respondent claimed she filed the motion and should hear something soon. No motion was filed and the client thereafter learned of respondent's suspension. Respondent failed to return unearned fees to the client. The client filed a claim with the Lawyers' Fund for Client Protection and received an award of $2,251.97. Respondent failed to cooperate with ODC's investigation into the matter.

Respondent violated Rule 1.4, RPC, by failing to adequately advise the client of the status of his matter. She violated Rule 1.15, RPC, by failing to deposit unearned fees into her trust account. By offering to file a motion when she was not authorized to practice law and later advising the client the motion was filed, respondent violated Rules 5.5 (a lawyer who is not admitted to practice in this jurisdiction shall not represent that the lawyer is admitted to practice law in this jurisdiction), 8.4(d) and 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice), RPC.

## Matter IV

Respondent failed to cooperate in ODC's investigation of a complaint received from another client. Although the investigation did not reveal clear and convincing evidence of misconduct, respondent violated Rule 8.1(b), RPC, by failing to cooperate.

## Law

Respondent admits she has violated the provisions of the Rules of Professional Conduct set forth above, as well as Rule 417, SCACR. She further admits those violations and the allegations upon which they are based constitute grounds for discipline under Rule 7(a)(1) and (5), RLDE (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers or to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## Conclusion

In addition to consenting to disbarment, respondent has agreed to, within thirty

days of imposition of discipline, enter into a restitution plan with the Commission on Lawyer Conduct to fully reimburse the Lawyers' Fund for Client Protection for all disbursements made on her behalf and to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Respondent further agrees to complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School prior to seeking readmission. Finally, respondent agrees she may not seek readmission until she has fully completed the terms of her restitution plan with the Commission.

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state. She shall also comply with the conditions set forth in the preceding paragraph. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**TOAL, C.J., PLEICONES, BEATTY, and HEARN, JJ., concur.**
**KITTREDGE, J., not participating.**