# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Robert T. Thompson, Jr., Respondent.

Appellate Case No. 2016-001016

Opinion No. 27682
Submitted October 31, 2016 – Filed November 16, 2016

## DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, of Columbia,
for Office of Disciplinary Counsel.

Robert T. Thompson, Jr., of Atlanta, Georgia, *pro se*.

**PER CURIAM:** Respondent was admitted to the Georgia Bar in 1975 and to the
South Carolina Bar in 1976.[1] By order dated August 26, 2014, the Supreme Court
of Georgia placed respondent on interim suspension[2] and, on February 2, 2015,
disbarred him from the practice of law in that state. *In the Matter of Thompson*,
296 Ga. 491, 769 S.E.2d 92 (2015) (opinion attached). According to the opinion,
respondent failed to file a Notice of Rejection of the Notice of Discipline and,
therefore, was deemed in default, not entitled to an evidentiary hearing, and subject
to discipline as provided by Georgia Bar Rule 4-208.1(b).

---

[1] On January 29, 2015, respondent changed his South Carolina Bar membership
class to "retired." Although a retired member of the South Carolina Bar,
respondent remains subject to discipline under the Rules for Lawyer Disciplinary
Enforcement. *See* Rule 2(q), RLDE ("lawyer" defined as "anyone admitted to
practice law in this state …").

[2] By order dated October 6, 2014, the Supreme Court of Georgia also placed
respondent on interim suspension.

Respondent failed to inform the Office of Disciplinary Counsel (ODC) of his disbarment as required by Rule 29(a) of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). After ODC notified the Court of respondent's disbarment, the Clerk of this Court provided ODC and respondent with thirty (30) days in which to inform the Court of any reason why the imposition of identical discipline is not warranted in South Carolina.

In his response, respondent appears to argue that, under the circumstances in his case, the Georgia disciplinary proceeding violated his right to due process because he was physically and mentally incapacitated at the time of the Georgia disciplinary proceeding and, therefore, unable to respond within the deadlines imposed by the State Bar of Georgia. Consequently, respondent claims he should not have been found in default and disbarred but, instead, permitted to participate in a diversionary program. Respondent further claims there was insufficient proof of his misconduct, that his disbarment in South Carolina would result in grave injustice, and that substantially different discipline is warranted.

ODC filed a response asserting the imposition of reciprocal discipline is warranted, noting that respondent was aware of the disciplinary proceeding in Georgia and that he raised his alleged disability in response. ODC further maintained the misconduct stated in the Georgia disbarment opinion would likely result in similar discipline in South Carolina.

Rule 29(d), RLDE, provides, in part, as follows:

> …the Supreme Court shall impose the identical discipline …unless the lawyer or disciplinary counsel demonstrates, or the Supreme Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
>
> > (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
> >
> > (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Supreme Court could not, consistent with its duty, accept as final the conclusion on that subject;
> >
> > (3) The imposition of the same discipline by the Supreme Court would result in grave injustice;

(4) The misconduct established warrants substantially different discipline in this state; …

We find nothing in this record which suggests the Georgia disciplinary proceeding violated respondent's due process rights. Based on the documentation offered by respondent, we find respondent failed to establish that he was incapacitated at the time of the Georgia disciplinary proceedings.[3] Indeed, as specified in the disbarment opinion, respondent participated in the disciplinary proceeding by filing a response, albeit untimely, to the Notice of Investigation and, as stated by respondent in his submission to the Clerk of this Court, he filed a Response and Opposition to Motion for Interim Suspension.[4]

Finally, in cases of similar misconduct, this Court has imposed disbarment. *See In the Matter of Rogers*, 413 S.C. 187, 775 S.E.2d 387 (2015); *In the Matter of Brunty*, 411 S.C. 434, 769 S.E.2d 426 (2015); *In the Matter of Wooden*, 349 S.C. 281, 562 S.E.2d 649 (2002). Accordingly, the Court concludes the imposition of reciprocal discipline is appropriate and disbar respondent from the practice of law in South Carolina.

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of

---

[3] Respondent presented no medical documentation supporting his claim that he was physically incapacitated during the disciplinary proceedings resulting in his February 2015 disbarment in Georgia. While he offered some evidence that he suffered from depression for a period of time during which the Georgia disciplinary proceedings were presumably ongoing, his doctor's statements provided that, since May 2014, respondent was "able to go to the office and perform much of his usual work" and, by November 2014, he "has at last begun to improve sufficiently to be able to work regularly, though still at reduced capacity on the backlog of legal complaints, grievances and State Bar concerns facing him."

[4] Georgia's procedural rule regarding the effect of the failure to timely file a response is similar to the rule in this State and to the ABA Model Rules for Lawyer Disciplinary Enforcement (Model Rules). Rule 24, RLDE ("Failure to answer the formal charges shall constitute an admission of the allegations."); Rule 33(A), Model Rules ("Failure to answer charges filed shall constitute an admission of the factual allegations.").

Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**

In the Supreme Court of Georgia

Decided:    February 2, 2015

S15Y0003.  IN THE MATTER OF ROBERT T. THOMPSON, JR.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Robert T. Thompson, Jr. (State Bar No. 709750). Thompson, who was admitted to the Bar in 1975, is currently under interim suspension. See In the Matter of Thompson, S14Y1900 (Aug. 26, 2014); In the Matter of Thompson, S15Y0159 (Oct. 6, 2014). Thompson provided the State Bar's membership department with only a post office box as his address, and so in accordance with Bar Rule 4-203.1 (b) (3) (ii), the State Bar requested that Thompson acknowledge service. Because Thompson never acknowledged service, the State Bar properly served him by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Thompson failed to file a Notice of Rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Thompson's default, are that in March 2012, a client hired Thompson to file an action on her behalf against JP Morgan Chase Bank. The client paid Thompson a flat fee of $5,000. In April 2012, the superior court granted a temporary restraining order against the foreclosure of the client's house and required the client to pay $1,000 into the registry of the court. Thompson paid the money into the court's registry, and the client reimbursed him. JP Morgan removed the case to federal court, and the client paid an additional $5,000 flat fee. Thompson then instructed the client to pay $1,000 monthly into his trust account in order "to show good faith"; the payments were not required by court order. The client made $15,000 in payments to Thompson's trust account. In February 2013, the federal district court granted JP Morgan's motion to dismiss. In the meantime, the client negotiated, without Thompson's involvement, a loan modification with JP Morgan. Thereafter, the client asked that Thompson return her $15,000, but he refused. In response to the grievance filed with the State Bar, Thompson admitted that he did not keep the client's funds in his attorney trust account and falsely claimed that the $15,000 was payment for additional legal services. Although Thompson acknowledged service of the Notice of Investigation and

2

filed a response, he failed to file the response within 30 days as required by Bar Rule 4-204.3.

The Investigative Panel found that by this conduct Thompson violated Rules 1.15 (I) (a), 1.15 (II) (a), 1.16 (d), 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.15 (I) (a), 1.15 (II) (a), and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.16 (d) and 9.3 is a public reprimand.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Robert T. Thompson, Jr. be removed from the rolls of persons authorized to practice law in the State of Georgia. Thompson is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.



Supreme Court
State of Georgia

STATE JUDICIAL BUILDING

Atlanta 30334

HUGH P. THOMPSON, CHIEF JUSTICE
P. HARRIS HINES, PRESIDING JUSTICE
ROBERT BENHAM
CAROL W. HUNSTEIN
HAROLD D. MELTON
DAVID E. NAHMIAS
KEITH R. BLACKWELL
JUSTICES

THÉRÈSE S. BARNES, CLERK
JEAN RUSKELL, REPORTER

# SUPREME COURT OF THE STATE OF GEORGIA
## CLERK'S OFFICE, ATLANTA

## May 1, 2015

I hereby certify that the foregoing pages, attached hereto, contain a true and complete copy of the opinion of the Supreme Court of Georgia in Case No. **S15Y0003. IN THE MATTER OF ROBERT T. THOMPSON, JR.** as appears from the file in this office.

Witness my signature and seal of the said Court

hereto affixed the day and year above written.

*Su C. Fulton* , Chief Deputy Clerk

RECEIVED

MAY 0 5 2015

OFFICE OF
DISCIPLINARY COUNSEL